# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> CANON INC. and CANON U.S.A., INC. <br><br> Defendants. | Civil Action No.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff"), through its attorneys, complains of Canon Inc. ("Canon") and Canon U.S.A., Inc. ("CUSA") (collectively, "Defendants"), and alleges the following:

## PARTIES

1. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a limited liability company organized and existing under the laws of Delaware that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

2. Defendant Canon Inc. is a corporation organized and existing under the laws of Japan that maintains an established place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

3. Defendant Canon U.S.A., Inc. is a corporation organized and existing under the laws of New York and maintains its principal place of business at One Canon Park, Melville, New York, 11747.  Upon information and belief, CUSA also maintains regular and established places of business in the Western District of Texas.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because Defendants engaged in systematic and continuous business activities in this District. As described below, Defendants have committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of patent infringement in this District, and have regular and established place of business in this District. In addition, Plaintiff has suffered harm in this District.

8. Venue is proper as to Canon, which is organized under the laws of Japan. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

9. Venue is proper as to CUSA because CUSA has committed acts of patent infringement in this District and has regular and established places of business in this District.

10. CUSA is the parent of subsidiary Canon Solutions America, Inc. (https://csa.canon.com/internet/portal/us/csa/privacystatement (last accessed on February 16, 2022)), which maintains regular and established business in this District, including but not limited to offices located at: (1) 12515 Research Boulevard, Building 7, Suite 110, Austin, Texas 78759 ("WDTX Offices"); and (2) 17115 San Pedro Avenue, Suite 110, San Antonio, Texas 788232.

Upon information and belief, CUSA conducts business from the WDTX Offices, and the WDTX Offices are CUSA's regular and established places of business.

11. Upon information and belief, since 1977, CUSA has been registered to conduct business and has conducted regular and established business within the Western District of Texas – with a registered agent located in Austin.  (Exhibit 1, Office of the State Comptroller, Franchise Tax Account Status; Exhibit 2, Texas Secretary of State entity search results).

12. Upon information and belief, CUSA also employs numerous individuals who work and transact business on behalf of CUSA from the Western District of Texas on a daily basis. Upon information and belief, these individuals work from home and/or from the WDTX Offices.

13. Upon information and belief, CUSA also has several employees and former employees located in Texas, including within the Western District of Texas, who have knowledge of CUSA's practices, sales, marketing, and/or infringing products.

14. CUSA also sells the infringing products in the Western District of Texas through numerous and authorized dealers located in Texas, including within the Western District of Texas. Based on CUSA's website, it has more than twenty authorized dealers selling products in Texas, many of which operate within the Western District of Texas (http://downloads.canon.com/dealer/canon-ad-01-20-2022.pdf (last accessed on February 16, 2022)).

**PATENT-IN-SUIT**

15. Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,493,030 (the "Patent-in-Suit" or the "'030 Patent"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendants.

**THE '030 PATENT**

16. The '030 Patent is entitled "Adaptive Optical Plane Formation With Rolling Shutter," and issued on February 17, 2009. The application leading to the '030 Patent was filed on June 24, 2005. A true and correct copy of the '030 Patent is attached hereto as <u>Exhibit 3</u> and incorporated herein by reference.

17. The '030 Patent is valid and enforceable.

**COUNT 1: INFRINGEMENT OF THE '030 PATENT**

18. Plaintiff incorporates the above paragraphs herein by reference.

19. **Direct Infringement**. Defendants have been and continue to directly infringe one or more claims of the '030 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Canon products identified in the charts incorporated into this Count below (among the "Exemplary Canon Products") that infringe at least the exemplary claims of the '030 Patent also identified in the charts incorporated into this Count below (the "Exemplary '030 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '030 Patent have been made, used, sold, imported, and offered for sale by Defendants and/or their customers.

20. Defendants have also infringed and continue to directly infringe, literally or under the doctrine of equivalents, the Exemplary '030 Patent Claims, by having their employees internally test and use these Exemplary Products.

21. **Actual Knowledge of Infringement**. The service of this Complaint upon Defendants constitutes actual knowledge of infringement alleged here.

22. Despite such actual knowledge, Defendants continue to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '030 Patent. On information and belief, Defendants have also continued to sell the Exemplary Canon Products and

4

distribute product literature and website materials inducing end users and others to use their products in the customary and intended manner that infringes the '030 Patent. *See* Exhibit 4 (described below).

23. **Induced Infringement**. Defendants therefore actively, knowingly, and intentionally have committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '030 Patent with knowledge of the '030 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '030 Patent. Defendants have actively induced others, including, but not limited to, customers, purchasers, developers, and/or end users of the Exemplary Canon Products to infringe the '030 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this judicial district, by, among other things, advertising, promoting, and instructing the use of the Exemplary Canon Products via various websites, including providing and disseminating product descriptions, operating manuals, how-to videos and guides, and other instructions on how to implement and configure the Exemplary Canon Products.

24. As an illustrative example only, Defendants induce such acts of infringement by their affirmative actions of intentionally providing the Exemplary Canon Products that when used in their normal and customary way as desired and intended by Defendants, infringe one or more claims of the '030 Patent and/or by directly or indirectly providing instructions on how to use their Exemplary Canon Products in a manner or configuration that infringes the one or more claims of the '030 Patent, including those found at one or more of the following:

- https://www.usa.canon.com/internet/portal/us/home/learn/education/topics/article/2018/July/Canon-Autofocus-Series-Dual-Pixel-CMOS-AF-Explained/Canon-Autofocus-Series-Dual-Pixel-CMOS-AF-Explained (last accessed on February 16, 2022)

- https://www.youtube.com/watch?v=T3YfRqGZ6C4 (last accessed on February 16, 2022)

25.     Defendants therefore actively, knowingly, and intentionally have been inducing and continue to induce infringement of the '030 Patent, literally and/or by the doctrine of equivalents, by instructing and encouraging their customers, purchasers, developers, and/or end users to use the Exemplary Canon Products in a manner that infringes one or more claims of the '030 Patent.

26.     **Contributory Infringement**.  Defendants therefore actively, knowingly, and intentionally have committed, and continue to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia*, knowingly selling the Exemplary Canon Products that when used cause the direct infringement of one or more claims of the '030 Patent by a third party, and which have no substantial non-infringing uses, or include a separate and distinct component that is especially made or especially adapted for use in infringement of the '030 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

27.     Defendants therefore actively, knowingly, and intentionally have been and continue to materially contribute to their customers', purchasers', developers', and end users' infringement of the '030 Patent, literally and/or by the doctrine of equivalents, by selling Exemplary Canon Products to them for use in end user products in a manner that infringes one or more claims of the '030 Patent.  The Exemplary Canon Products are especially made or adapted for infringing the '030 Patent and have no substantial non-infringing use.  For example, in view of the preceding paragraphs and Exhibit 3, the Exemplary Canon Products contain functionality which is material to at least one claim of the '030 Patent.

28.     Exhibit 3 includes charts comparing the Exemplary '030 Patent Claims to the Exemplary Canon Products.  As set forth in these charts, the Exemplary Canon Products practice

the technology claimed by the '030 Patent. Accordingly, the Exemplary Canon Products incorporated in these charts satisfy all elements of the Exemplary '030 Patent Claims.

29. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

30. Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement.

## JURY DEMAND

31. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '030 Patent is valid and enforceable;

B. A judgment that Defendants have infringed directly, contributorily, and/or induced infringement of one or more claims of the '030 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' past infringement with respect to the '030 Patent;

E. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' continuing or future infringement, up until the date such judgment is entered with respect to the '030 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F. A judgment that awards Plaintiff ongoing royalties for Defendants' continued direct and/or indirect infringement of the '030 Patent;

G.     And, if necessary, to adequately compensate Plaintiff for Defendants' infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendants that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.     that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: February 16, 2022          RESPECTFULLY SUBMITTED,

By: */s/ Jonathan K. Waldrop*
    Jonathan K. Waldrop (CA Bar No. 297903)
    (Admitted in this District)
    jwaldrop@kasowitz.com
    Darcy L. Jones (CA Bar No. 309474)
    (Admitted in this District)
    djones@kasowitz.com
    Marcus A. Barber (CA Bar No. 307361)
    (Admitted in this District)
    mbarber@kasowitz.com
    John W. Downing (CA Bar No. 252850)
    (Admitted in this District)
    jdowning@kasowitz.com
    Heather S. Kim (CA Bar No. 277686)
    (Admitted in this District)
    hkim@kasowitz.com
    ThucMinh Nguyen (CA Bar No. 304382)
    (Admitted in this District)
    tnguyen@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    333 Twin Dolphin Drive, Suite 200
    Redwood Shores, California 94065
    Telephone: (650) 453-5170
    Facsimile: (650) 453-5096

    Paul G. Williams (GA Bar No. 764925)
    (Admitted in this District)
    pwilliams@kasowitz.com
    **KASOWITZ BENSON TORRES LLP**
    1230 Peachtree Street N.E., Suite 2445
    Atlanta, Georgia 30309
    Telephone: (404) 260-6080
    Facsimile: (404) 260-6081

    Mark D. Siegmund (TX Bar No. 24117055)
    mark@swclaw.com
    Craig D. Cherry (TX Bar No. 24012419)
    craig@swclaw.com
    **STECKLER WAYNE COCHRAN CHERRY PLLC**
    8416 Old McGregor Road
    Waco, TX 76712
    Telephone: (254) 651-3690
    Facsimile: (254) 651-3689

    **Attorneys for Plaintiff**
    **WSOU INVESTMENTS, LLC d/b/a**
    **BRAZOS LICENSING AND**
    **DEVELOPMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jonathan K. Waldrop*
**Jonathan K. Waldrop**